UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LORITTA LUMAR                                    CIVIL ACTION

VERSUS                                           NO: 22-1524

EVONIK CORP., ET AL.                             SECTION: "A" (2)

### ORDER AND REASONS

The following motions are before the Court: **Motion to Dismiss (Rec. Doc. 4)** filed by defendant, Shell Oil Co.; **Motion to Dismiss or Alternatively for a More Definite Statement (Rec. Doc. 12)** filed by defendant, Evonik Corp. The plaintiff, Loritta Lumar, opposes the motions. The motions, submitted for consideration on July 20,2022 and August 3, 2022, are before the Court on the briefs without oral argument.

This civil action is one of fourteen actions severed by order of Judge Vance from Civil Action 21-1089, *Lamar Ellis, et al. v. Evonick Corp., et al.* (Rec. Doc. 1, Order and Reasons). All of the cases arise out alleged exposure to ethylene oxide ("EtO") near a petrochemical plant in Reserve, Louisiana, owned and operated by defendants Evonik and Shell. Shell owned and operated the facility from 1991 until 1999; Evonik has owned and operated the facility since that time. The plaintiff herein, Ms. Loritta Lumar, has lived near the Reserve facility for thirty years. She contracted cancer (follicular lymphoma) on April 6, 2020, and she attributes this pernicious disease to EtO emissions from the facility. The original complaint, wherein Ms. Lumar's claims were joined with thirteen co-plaintiffs, was filed on April 26, 2021 in state court. The case was removed to federal court notwithstanding the presence of certain non-diverse defendants. On

October 19, 2021, Judge Vance denied the plaintiffs' motion to remand after concluding that the non-diverse defendants were improperly joined.[1] (CA21-1089, Rec. Doc. 28, Order and Reasons).

Before severing the plaintiffs' claims for reallotment to other sections of this Court, Judge Vance made several important rulings based on motions to dismiss by Shell and Evonik, those motions being directed at the original complaint. First, Judge Vance found that all of the plaintiffs' claims were prescribed on the face of the complaint and that the allegations did not support the application of *contra non valentem*. (Rec. Doc. 1, Order and Reasons at 21). But as to Evonik, she found that the plaintiffs had alleged facts sufficient to support application of the continuing tort doctrine so as to avoid dismissal on the pleadings for prescription. As to Shell, for whom the continuing tort doctrine would be inapplicable, Judge Vance dismissed the claims without prejudice and granted the plaintiffs leave to amend their complaint in order to plead facts, specific to each plaintiff, to support the application of *contra non valentem*.[2]

Having addressed the timeliness of the lawsuit, Judge Vance then proceeded to address the merits-based arguments raised in the defendants' motions to dismiss. The substantive claims pleaded were based on negligence, civil battery, and nuisance. As to the negligence claims, Judge Vance concluded that the plaintiffs' claims were deficient

---

[1] Plaintiff maintains that Judge Vance's Order and Reasons denying remand was erroneous and that a federal court does not have subject matter jurisdiction to adjudicate this matter. (Rec. Doc. 2, FAC at 3-4 n.1). Plaintiff has expressly reserved all appellate rights regarding the dismissal of the non-diverse defendants. (*Id.*).

[2] The continuing tort doctrine does not apply to Shell because that defendant ceased operations at the facility in 1999.

because they had failed to allege a specific standard of care. But she dismissed the negligence claims without prejudice and granted the plaintiffs leave to amend the complaint in order to plead the specific duty or standard of care that the defendant(s) allegedly breached. (*Id.* at 30).

Regarding the civil battery claims, Judge Vance concluded that the plaintiffs' theory was implausible under the facts alleged. (*Id.* at 32). Judge Vance dismissed those claims with prejudice and without leave to amend. (*Id.*).

Finally, as to the nuisance claims, Judge Vance concluded that the plaintiffs had alleged facts sufficient to state a claim, and she denied Evonik's motion to dismiss.[3] (*Id.* at 39).

Following the severance ordered by Judge Vance, the plaintiff herein filed her First Amended Complaint ("FAC") in order to cure the deficiencies in the original complaint noted by Judge Vance where leave to amend had been expressly granted. The instant motions to dismiss filed by Shell and by Evonik are directed at the FAC.

The first issue raised by Shell's motion to dismiss is whether via her FAC Plaintiff has now alleged facts sufficient to support application of *contra non valentem* in order to avoid the prescriptive bar.[4]

The Court concurs with the reasoning that Judge Africk recently employed when

---

[3] Although she had already granted Shell's motion to dismiss based on prescription, for the sake of thoroughness Judge Vance also addressed and rejected Shell's argument on the merits of the plaintiffs' nuisance claims. (Rec. Doc. 1, Order and Reasons at 37 n.49).

[4] Plaintiff now concedes that her claims against Shell are not subject to the continuing tort doctrine. (Rec. Doc. 8, Opposition at 3). Thus, unless *contra non valentem* applies, her claims are prescribed.

discussing the decision in *Butler v. Denka Performance Elastomer, LLC*, 16 F.4th 427 (5th Cir. 2021), and denying a similar motion to dismiss in *Jones v. Evonik Corporation*, Civil Action 22-1522 (Rec. Doc. 18). The allegations that Plaintiff makes herein are similar to those made in the *Jones* case even though Ms. Lumar was recently diagnosed with cancer. Like Judge Africk in *Jones*, the Court is persuaded that at least at the pleadings stage, Plaintiff has established that *contra non valentem* may apply to her claims so as to avoid dismissal on the pleadings. The Court cannot say at this juncture that Plaintiff's actions were unreasonable given the knowledge that she possessed. *Butler*, 16 F.4th at 439.

Defendants' attempt to dismiss the negligence claims on the pleadings are likewise denied. As for the nuisance claim, the Court declines to revisit Judge Vance's conclusion that the plaintiffs in the non-severed action stated a claim under that legal theory.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 4)** filed by defendant, Shell Oil Co. is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss or Alternatively for a More Definite Statement (Rec. Doc. 12)** filed by defendant, Evonik Corp is **DENIED** in all respects including the request for a more definite statement.

August 31, 2022

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE